**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TAMMY LYNN WILSON** **PLAINTIFF**

**V.** **CASE NO. 4:25-CV-00668-KGB-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. INTRODUCTION

In April 2015, Tammy Wilson applied for disability benefits, alleging disability beginning on January 22, 2014.[1] (Tr. at 213-20, 221-22). Her claims were denied both initially and upon reconsideration. (Tr. at 8-34). After a hearing on September 11, 2017, an Administrative Law Judge ("ALJ") denied Wilson's application. (Tr. at 8-34). After two remands and a reopening, the Appeals Council issued a decision on July 1, 2022, finding Wilson disabled beginning on August 30, 2019, and remanding the case to an ALJ to determine whether she was disabled prior to August 30, 2019 and from the amended alleged onset date of January 22, 2014 (the relevant period).

[1] Wilson's alleged onset date was amended from the original date of October 1, 2006. (Tr. at 213)

Subsequently, on April 15, 2025, an ALJ issued a decision finding Wilson not disabled during this relevant period. (Tr. at 3919-3935). The ALJ's decision thus stands as the final decision of the Commissioner, and Wilson now seeks judicial review.

## II. THE COMMISSIONER'S DECISION

The ALJ found that Wilson had not engaged in substantial gainful activity since the amended alleged onset date of January 22, 2014. (Tr. at 3922). At Step Two, the ALJ found that Wilson had the following severe impairments: degenerative disc disease, carpal tunnel syndrome, migraines, mood disorder, obesity, coronary artery disease, anxiety disorder, and post-traumatic stress disorder. *Id.*

After finding Wilson's impairments did not meet or equal a listed impairment (Tr. at 3923-3924), the ALJ determined that she had the residual functional capacity ("RFC") to perform light work, except that: (1) she could engage in occasional overheard reaching; (2) she could only occasionally stoop, bend, kneel, couch, and crawl; (3) she could perform no more than frequent fingering and handling with the upper extremities; (4) she could tolerate only occasional exposure to dust, odors, gases, fumes, and other pulmonary irritants; (5) she would be limited to ambulation on level surfaces which would preclude work in agricultural or construction terrains; (6) she could not work around constant vibrations or noise levels exceeding an SCO level of four; (7) she could only do work that is simple, routine, and repetitive with the ability to make simple work-related decision; and (8) she could tolerate frequent interaction with supervisors, coworkers, and the general public. (Tr. at 3925).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Wilson was unable to perform any of her past relevant work. (Tr. at 3933). The ALJ then found that Wilson's RFC would allow her to perform other jobs that exist in significant numbers in the national

economy, including the jobs of order filler, inspector/hand packager, and cafeteria attendant. (Tr. at 3934). The ALJ concluded, therefore, that Wilson was not disabled during the relevant period. (Tr. at 3935).

**III. DISCUSSION**

**A. Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

**B. Wilson's Arguments on Appeal**

Wilson contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ erred by: (1) failing to properly assess the medical opinions; (2) failing to evaluate her subjective statements; and (3) formulating her RFC without supportive medical evidence. (Doc. No. 9) Because the ALJ erred in determining Wilson's RFC, it is not necessary to reach her other points on appeal.[2]

**C. Analysis**

A claimant's RFC must fully account for all of her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). Wilson argues that the ALJ should have included limitations in her RFC related to her optical migraines, and did not explain why he did not include such limitations in the RFC finding. (Doc. No. 9, p. 15) The Commissioner admits that additional limitations were not given for Wilson's migraines and argues that the ALJ provided a detailed explanation for not including such limitations and established that additional limitations from the migraines were not warranted by the record. (Doc. No. 13, p. 15)

The Commissioner's argument is unavailing because the ALJ determined that Wilson suffered from a severe impairment of migraines, yet failed to account for this severe limitation in formulating Wilson's RFC. By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-cv-212, 2019 WL 1219707,

[2] *See Noerper v. Saul*, 964 F.3d 738, 741 n.1 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.").

at *2 (E.D. Ark. Mar. 15, 2019), *R.&R. adopted*, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019). Further, any limitations given for severe impairments must be sufficiently supported by the medical evidence. *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) ("we have located no medical evidence to support the ALJ's conclusion that [plaintiff]'s mental impairments, the existence of which the ALJ acknowledged, limited only the degree to which he could interact with the public.").

Because the ALJ found that Wilson's migraines significantly limited her ability to work, the ALJ should have provided a corresponding accommodation for it in the RFC. In his opinion, after acknowledging Wilson's history of migraines and the symptoms associated with them,[3] the ALJ asserted that no limitations were warranted in the RFC associated with the migraines except a limitation to a "workplace without loud noises and vibrations" and "occasional exposure to pulmonary irritants." (Tr. at 3929). However, there was no explanation regarding how these specific limitations were connected to the symptoms caused by the migraines or how they were supported by the record. Further, there is nothing in the record to suggest that loud noises or pulmonary irritants trigger Wilson's optical migraines. Conversely, the record indicates that these optical migraines occur randomly, that there is no known trigger, and that the accommodations suggested by Wilson's providers are related to absences from work and the inability to complete a task. (Tr. at 3994, 356, 366, 2842). The ALJ's explanation regarding Wilson's optical migraines seems to focus more on questioning the severity of the migraines rather than considering the limitations suggested by her providers and explaining why they were or were not persuasive. (Tr.

---

[3] Wilson described her optical migraines as occurring at least twice each week and left her blind and unable to continue what she is doing, including driving, for at least 30 minutes each time it occurred. (Tr. at 3958-74).

at 3928-3929). But because the ALJ already found that Wilson's optical migraines were severe enough to significantly limit her ability to work at step two, this conclusion is inconsistent with the ALJ's own findings. Specifically, it is unclear whether the ALJ gave any consideration to how Wilson's complaints of blindness for 20-40 minutes at a time, which the ALJ acknowledged occurred several times per week during the relevant period, would affect her ability to work when stating additional limitations were not warranted. The ALJ's decision is internally contradictory and thus unsupported by substantial evidence. Remand is therefore required.

**IV. CONCLUSION**

For the reasons stated above, the Court concludes that the ALJ erred in determining Wilson's RFC and the decision is not supported by substantial evidence. The Court hereby recommends reversing and remanding this case to the Commissioner for further proceedings.

DATED this 2nd day of September 2026.



UNITED STATES MAGISTRATE JUDGE